1
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROUMMEL JEROME INGRAM,

            Petitioner,

                              CASE NO. 2:10-CV-10756
     v.                      JUDGE NANCY G. EDMUNDS
                    MAGISTRATE JUDGE PAUL J. KOMIVES

JOHN PRELESNIK,

            Respondent.

_____/


**REPORT AND RECOMMENDATION**

I.    <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation, the Court should also deny a certificate of appealability.

II.    <u>REPORT</u>:

A.    *Procedural History*

1.         Petitioner Roummel Jerome Ingram is a state prisoner, currently confined at the Handlon Correctional Facility in Ionia, Michigan.

2.         On February 28, 2006, petitioner pleaded guilty to armed robbery, MICH. COMP. LAWS § 750.529; assault with a dangerous weapon, MICH. COMP. LAWS § 750.82; and felony firearm, MICH. COMP. LAWS § 750.227b, in the Macomb County Circuit Court.  On April 12, 2006, he was sentenced to 81-480 months of imprisonment for the conviction of armed robbery and 31-48 months of imprisonment for the conviction of assault with a dangerous

weapon conviction to be served concurrently, and 2 years for the conviction of felony firearm to be served consecutively, with jail credit of 273 days.

3.      Petitioner sought leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claim:

> I.    THE TRIAL COURT ERRED WHEN IT IMPOSED AN EXCESSIVE SENTENCE THAT WAS BASED ON INACCURATE INFORMATION.

The court of appeals denied petitioner's application for leave to appeal in a standard order. *See People v. Ingram*, No. 275786 (Mich. Ct. App. February 23, 2007).

4.      Petitioner, proceeding *pro se*, sought leave to appeal this issue to the Michigan Supreme Court.  The Supreme Court denied petitioner's application for leave to appeal in a standard order.  *See People v. Ingram*, 479 Mich. 867, 735 N.W.2d 218 (2007).

5.      Petitioner thereafter filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508, raising the following claims:

> I.    PETITIONER'S GUILTY PLEA WAS NOT KNOWING AND VOLUNTARY.
>
> II.   PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHERE HIS COUNSEL FAILED TO INVESTIGATE AND FAILED TO INFORM HIM OF ALTERNATIVES TO PLEADING GUILTY TO THE CHARGED OFFENSE.
>
> III.  PETITIONER'S DUE PROCESS RIGHTS WERE VIOLATED AS A RESULT OF AN UNNECESSARY 100-DAY PRE-ARREST DELAY.
>
> IV.   PETITIONER'S CONVICTIONS AND SENTENCES FOR ARMED ROBBERY AND ASSAULT WITH A DANGEROUS WEAPON VIOLATED PETITIONER'S CONSTITUTIONAL PROTECTION AGAINST DOUBLE JEOPARDY.

On August 1, 2008, the trial court denied petitioner's motion for relief from judgment, motion

for an evidentiary hearing, motion to withdraw plea, and motion for appointment of counsel.

The Michigan Court of Appeals and Michigan Supreme Court denied petitioner's applications

for leave to appeal in standard orders, based on petitioner's "failure to meet the burden of

establishing entitlement to relief under MCR 6.508(D)." *People v. Ingram*, 485 Mich. 927, 773

N.W.2d 676 (2009); *People v. Ingram*, No. 288081 (Mich. Ct. App. 2009).

5.      Petitioner, through counsel, filed the instant application for a writ

of habeas corpus on February 23, 2010.   As grounds for the writ of habeas

corpus, he raises four claims.

> I.   PETITIONER'S GUILTY PLEA WAS NOT UNDERSTANDING AND VOLUNTARY WHERE TRIAL DEFENSE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN FAILING TO INFORM PETITIONER OF ANY ALTERNATIVE COURSE OF ACTION.

> II.  PETITIONER'S CONVICTIONS AND SENTENCES FOR ARMED ROBBERY AND FELONIOUS ASSAULT VIOLATE HIS CONSTITUTIONAL PROTECTIONS AGAINST DOUBLE JEOPARDY.

> III. PETITIONER'S APPELLATE DEFENSE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN FAILING TO CONSULT WITH DEFENDANT ABOUT PROPOSED ISSUES TO BE RAISED ON APPEAL.

6.      Respondent filed his answer on September 1, 2010.   He

contends that petitioner's claims either are without merit or are state law

claims which are not cognizable on habeas review.

7.      Petitioner filed a reply to respondent's answer on October 12,

2010.

B.   *Factual Background Underlying Petitioner's Conviction*

        Petitioner's convictions arise from the robbery of CitiFinancial located in

St. Clair Shores on June 14, 2005. There were two employees present at the time of the robbery, Aisha Baldwin-Mercer and Lisa Linsley. Both victims testified that Mr. Ingram entered the loan office demanding that they open the safe and give him money, while interchangeably pointing a gun at each one of them. *Pelim. Exam Tr.*, dated 11/15/05, 8-9, 27.

On the day set for trial, petitioner entered a guilty plea pursuant to a *Cobbs* agreement.[1] Pursuant to the plea deal, petitioner agreed to plead guilty to armed robbery, assault with a deadly weapon, and felony firearm. The parties also agreed that petitioner's term of imprisonment would be the low end of the guideline, which the parties had preliminarily determined to be 81-135 months. *See* Plea Tr., at 3. Upon questioning by defense counsel, petitioner indicated his agreement with the plea deal. He also indicated that he understood that he was forgoing both an evidentiary hearing and the trial, which had been scheduled for that day. Petitioner further stated that he understood that he had the right to go to trial, but wished to forgo that right and plead guilty. *See id.* at 6-7. Upon questioning by the trial court, petitioner indicated that he was satisfied with the advice of his attorney. *See id.* at 4. The trial court explained the maximum term of imprisonment faced by pleading guilty, and petitioner indicated that he understood. *See id.* at 5-6. The court explained to petitioner the rights he was waiving by pleading guilty,

---

[1] *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), permits a defendant to plead guilty pursuant to the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the actual sentence is more severe.

4

and petitioner indicated that he understood those rights and that he was waiving them by pleading guilty. *See id.* at 6-8. Petitioner denied that anyone had threatened him to induce his plea, and stated that it was his own choice to enter his plea. *See id.* at 7. The court then accepted petitioner's plea. *See id.* at 12.

C.   *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing

law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established

6

Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16.    Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.    *Validity of Plea / Ineffective Assistance of Counsel (Ground 1 & 3)*

*a. Clearly Established Law*

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances.  *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The Constitution requires, for a plea to be valid, that the defendant be informed of all direct consequences of his plea.    *See Brady*, 397 U.S. at 755;

*King*, 17 F.3d at 153. A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Where the defendant "was fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]" *Mardy v. Johnson*, 467 U.S. 504, 511 (1984). Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence--because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange.

*Id.* at 508 (footnotes omitted).

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance

prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact. *See id.* at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim … to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, … that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Where, as here, a petitioner challenges counsel's effectiveness with respect to a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also, O'Hara*, 24 F.3d at 828.

However, with respect to the prejudice prong it is not enough for petitioner to merely allege that he would have insisted on going to trial had counsel properly advised him.  As other judges of this Court have explained:

> In the guilty plea context the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 28-29, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).  Furthermore, this determination depends in large part on a prediction of what the outcome of a trial might have been.  *Id.* at 58-60, 106 S.Ct. 366; *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).  In other words, the petitioner must show that, but for counsel's errors, he would not have pleaded guilty, because there would have been at least a reasonable chance he would have been acquitted.  If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him.  A petitioner's conclusory allegation that, but for an alleged attorney act or omission, he would not have pleaded guilty is not enough to prove such a claim.  Petitioner must show that there is a reasonable probability that the result of the proceeding would have been different. It is not sufficient to show that, but for counsel's alleged errors he would have been convicted after a trial instead of after entering a guilty plea.

*Garrison v. Elo*, 156 F. Supp. 2d 815. 829 (E.D. Mich. 2001) (O'Meara, J.); *see also, Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 655 (E.D. Mich. 2002) (Friedman, J.) (same); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001) (Hood, J.) ("If examination of the totality of the circumstances shows that a

petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him.").

*b. Analysis*

Petitioner contends that his guilty plea was involuntary and based on ineffective assistance of counsel because counsel failed to inform him of any alternative courses of action.   The Court should conclude that petitioner is not entitled to habeas relief on these claims.[2]

As a general matter, petitioner's statements at the plea hearing belie his claims.   At the hearing, petitioner indicated that he understood the nature of the rights he was giving up by pleading guilty.   *See* Plea Tr., at 6.   Petitioner also expressed his satisfaction with counsel's assistance, and denied that any threats or coercion had been made to induce his plea.   *Id.* at 4, 7.   These statements "carry a strong presumption of verity."   *Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity.   The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").   As a number of Judges of this Court have observed:

> When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest),

---

[2] At the outset, I note that petitioner's ineffective assistance of counsel claims were not waived by his guilty plea, respondent's argument to the contrary notwithstanding. While a voluntary guilty plea waives claims of ineffective assistance of counsel, it does not do so insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.  *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Russell v. Pitcher*, No. 99-cv-76088, 2000 WL 1769568, at *3 (E.D. Mich. Oct 24, 2000) (Borman, J.).

> the state generally satisfies its burden by producing a transcript of the state court proceeding showing that the plea was made voluntarily. The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court….Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid.

*Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005) (Gadola, J.) (citations omitted); *accord Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 651-52 (E.D. Mich. 2002) (Friedman, J.); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002) (Cleland, J.); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 586 (E.D. Mich. 2001) (Hood, J.); *Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001) (Steeh, J.). In short where, as here, "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted). In view of this standard and petitioner's statements at the plea colloquy, petitioner's claim that his guilty plea was involuntary is without merit.

Turning more specifically to the claim raised, petitioner alleges that counsel failed to adequately consult with him prior to trial. Petitioner met with counsel before his preliminary hearing and on the day the trial was to begin. "[B]revity of time spent in consultation, without more, does not establish that counsel was ineffective." *Easter v. Estelle*, 609 F.2d 756, 759 (5th Cir. 1980).

12

Nor is there any "case establishing a minimum number of meetings between counsel and client prior to trial necessary to prepare an attorney to provide effective assistance of counsel."   *United States v. Olson*, 846 F.2d 1103, 1108 (7th Cir. 1988) (internal quotation omitted).   Petitioner does not identify with specificity any avenues of investigation counsel should have pursued.   He likewise does not suggest any additional exculpatory evidence or theories that would have been uncovered by further investigation or preparation.   *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleged a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it could have affected the outcome of the trial.").   Absent specific allegations establishing both that the time counsel spent with petitioner was inadequate and that petitioner was prejudiced by counsel's inadequate consultation, his conclusory allegations are insufficient to establish that counsel was ineffective and do not entitle him to habeas relief.   *See Dell v.* Straub, 194 F. Supp. 2d 629, 650 (E.D. Mich. 2002) (Friedman, J.); *Matura v. United States*, 875 F. Supp. 235, 237-38 (S.D.N.Y. 1995); *Neal v. Acevedo*, 114 F.3d 803, 806 (8th Cir. 1997); *United States v. Soto-Alvarez*, 958 F.2d 473, 478 (1st Cir. 1992); *United Stated v. Mealy*, 851 F.2d 890, 908 (7th Cit. 1988); *Adanandus v. Johnson*, 947 F. Supp. 1021, 1095 n.17 (W.D. Tex. 1996); *United States v. Wright*, 845 F. Supp. 1041, 1072 (D.N.J. 1994).

Further, petitioner alleges that he is entitled to a presumption of prejudice under *Cronic*, whereas his trial counsel was entirely absent during

the critical stage of the pre-trial period. *United States v. Cronic*, 466 U.S. 648 (1984). "The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." *Id.* at 659 n.25 ("The Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding.") (citations omitted). Trial counsel met with petitioner twice before petitioner entered a guilty plea, and thereby was not "totally absent;" nor was trial counsel prevented from assisting the accused during a critical stage of the proceeding.

"Apart from circumstances of that magnitude, however, there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." *Id.* at n.26 (citing *Strickland v. Washington*, 466 U.S. 668, 693-96 (1984)). In support of petitioner's claim, he provided a letter from trial counsel that states, "I was not aware of any defenses that you had." The Court has found that if there is no bona fide defense to the charge, "counsel cannot create one and may disserve the interests of his client by attempting a useless charade." *Id.* at 657 n.19 (citations omitted). Petitioner also attested in open court that he was satisfied with the advice of his attorney. *See* Plea Tr., at 4. Petitioner has not provided specific instances of errors to establish how counsel undermined the reliability of the finding of guilt; thus petitioner has not

14

established that his counsel was ineffective.    Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### c. Appellate Counsel

Petitioner also contends that his appellate counsel was ineffective for failing to consult with him regarding claims to be raised on direct appeal.  In the appellate counsel context, a showing of prejudice requires a showing that petitioner's claims would have succeeded on appeal.  *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *McCleese v. United Stated*, 75 F.3d 1174, 1180 (7th Cir. 1996).  As explained in this Report, all of petitioner's claims are without merit, and thus petitioner cannot show that counsel was ineffective for failing to raise them on direct appeal.  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.    *Double Jeopardy (Ground 2)*

### a. Clearly Established Law

The Double Jeopardy Clause of the Fifth Amendment provides, "No person … shall … be subject for the same offense to be twice put in jeopardy of life or limb."   U.S. CONST. AMEND. V.    This clause affords defendants protection against multiple punishments for the same offense.  *Brown v. Ohio*, 432 U.S. 161, 165 (1977).   "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature … , the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent."  *Ohio v. Johnson*, 467 U.S. 493, 499 (1984).   "Where … a legislature specifically authorizes cumulative

punishment under two statutes for the same conduct, regardless of whether those two statutes prescribe the 'same' conduct, … a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983).   Under the *Blockburger* same-elements test, two offenses are not the "same offense" if each requires proof of an element that the other does not.   *Blockburger v. United States*, 284 U.S. 299, 304 (1932).   "The assumption underlying this rule is that Congress ordinarily does not intend to punish the same offense under two different statutes." *Whalen v. United States*, 445 U.S. 684, 691-92 (1980).

*b. Analysis*

In his habeas petition and reply brief, petitioner argues that his convictions and sentences for armed robbery and felonious assault constitutes double jeopardy.   The Michigan circuit court rejected this claim, reasoning that each offense has an element that is not required for the other, thereby complying with the *Blockburger* same-elements test.   *See Opinion and Order denying petitioner's motion for relief from judgment*, 8/1/08, 4-5.   This determination was reasonable.   Felonious assault requires a gun, revolver, pistol, or other dangerous weapon or firearm. MICH. COMP. LAWS § 750.82. Armed robbery, which requires proof of actions in the course of committing a larceny, does not require possession of a dangerous weapon. MICH. COMP. LAWS § 750.529 ("possesses a dangerous weapon or an article used or

16

fashioned in a manner to lead to any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon."). Thus, a person could be acquitted of felonious assault and still be convicted of armed robbery, or vice versa. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.") (citations omitted). Therefore, each offense requires an element the other does not, and petitioner's constitutional protection against double jeopardy was not violated. *See People v. Chambers*, 277 Mich. App. 1, 9, 742 N.W.2d 610, 615 (2007). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.    *Recommendation Regarding Certificate of Appealability*

1.    *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880

(1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.   Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.   Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Rule 11(a), 28 U.S.C. foll. § 2254.   The rule tracks § 2253(c)(3)'s requirement that

18

any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

      2.   *Analysis*

If the Court accepts my recommendation on the merits, the Court should also deny petitioner a certificate of appealability, for the reasons explained above. Resolution of petitioner's involuntary guilty plea claim is not reasonably debatable in light of the fact that his claim of ineffective assistance of trial counsel fails to raise a substantial showing of a denial of petitioner's constitutional rights. In light of petitioner failing to specify any avenues of investigation counsel should have pursued or theories that would have been uncovered by further investigation or preparation, the resolution of petitioner's ineffective assistance of trial counsel claim is not reasonably debatable. Likewise, in light of the fact that petitioner failed to show any claims not raised would have succeeded on appeal, petitioner's ineffective assistance of appellate counsel claim fails to raise a substantial showing of a denial of petitioner's constitutional rights. Because a reasonable application of the

*Blockburger* test determines armed robbery and felonious assault not to be the "same offense," the resolution of petitioner's double jeopardy claim is not reasonably debatable. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

G. *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR

20

72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                            s/Paul J. Komives
                                            PAUL J. KOMIVES
                                            UNITED STATES MAGISTRATE JUDGE

Dated:2/17/11


The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on February 17, 2011.

                        s/Eddrey Butts
                        Case Manager